UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. VOSS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )  CAUSE NO. 3:07-CV-449 RM |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTION, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Robert Voss, a prisoner confined at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that the Indiana Department of Correction ("IDOC"), three IDOC facilities, the Correctional Medical Services ("CMS"), and several individual defendants violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> , Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Voss brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the

alleged deprivation. <u>West v. Atkins</u>, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979).

According to the complaint and its attachments, Mr. Voss was injured on September 6, 2006, when a tractor ran over his leg. He alleges that x-rays showed his leg to be broken but that prison doctors employed by CMS and assigned to several IDOC facilities denied medical treatment for his broken leg and for the pain he suffered.

Mr. Voss asserts that the defendants' actions deprived him "of rights, privileges and immunities secured by the Constitution and laws of the U.S." He specifically alleges that the defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual punishments, the First Amendment, and the Fourteenth Amendment's equal protection clause." When evaluating § 1983 complaints, the courts' analysis must begin by identifying the specific constitutional right that the defendants allegedly infringed upon. <u>See</u> <u>Graham v. Conner</u>, 490 U.S. 386 (1989) (dealing with whether a plaintiff's excessive use of force claim arose under the Fourth, Eighth, or Fourteenth Amendment).

Mr. Voss alleges that he was denied medical treatment for a serious and painful injury. This implicates the Eighth Amendment, but does not implicate the First Amendment. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in

3

terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." Because Mr. Voss doesn't allege that the defendants discriminated against him based on his race or any other protected class, he raises this claim as a "class of one." See Lauth v. McCollum, 424 F.3d 631 (7th Cir. 2005) (the paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen). To raise a "class of one" claim, the plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Willowbrook v. Olech, 528 U.S. at 564. Mr. Voss states no claim under the equal protection clause because he does not allege that the defendants treated him differently from similarly situated individuals.

Mr. Voss names the IDOC, the Miami Correctional Facility ("MCF"), the Westville Correctional Facility ("WCF"), and the Correctional Industrial Facility (named in the complaint as "CIF") as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir.

4

1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

Mr. Voss names IDOC Commissioner J. David Donahue as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). There is no suggestion in the complaint that Commissioner Donahue had any personal involvement in any health care decision regarding Mr. Voss. Even a prison superintendent is not "directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [the plaintiff]." Duncan v. Duckworth, 644 F.2d 653, 656 (7th Cir. 1981). The Commissioner is even further removed from the day to day operation of individual IDOC facilities.

Mr. Voss also alleges that CMS, a private company with which the IDOC contracted to provide medical services at its facilities, violated his federally protected rights because some of its employees did not provide him with timely and proper medical services. CMS might be a proper defendant if a corporation is a "person" for purposes of 42 U.S.C. § 1983 when acting as the *alter ego* of a state. Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person.); Comtronics, Inc. v. Puerto

5

Rico Tel., 409 F.Supp. 800, 806 (corporation is a person.); Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (corporation is a person.). Cf. Eddy v. Virgin Islands Water and Power Authority, 955 F.Supp. 468, 477 (D. V.I. 1997) (corporation acting on behalf of a state is not a person). But Mr. Voss does not allege that CMS corporate officials made decisions concerning his medical care or that the inadequate medical treatment he states that he suffered resulted from corporate policy. CMS cannot remain as a defendant based only on the actions of its employees at the MCF, the WCF, and the CIF because the doctrine of *respondeat superior* has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Voss names two doctors, Dr. O. Crawford and Dr. Mitcheff as defendants. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Mr. Voss alleges that he was diagnosed as having a broken leg and that Drs. Crawford and Mitcheff "flat-out 'denied' [him] medical treatment," leaving him in pain. Giving Mr. Voss the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no Eighth Amendment claim against them.

Mr. Voss also seeks to sue John and Jane Doe doctors. But he may not pursue claims against John Doe defendants until he has identified them.

> [I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.

Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Accordingly, the court will dismiss the Doe defendants. If Mr. Voss is able to identify additional defendants through discovery, he may file a motion seeking to amend his complaint to add them as defendants. The court advises Mr. Voss that if he discovers the identity of the Doe defendants, he must amend his complaint to name them and provide the materials necessary for the Marshals Service to serve them with process.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Dr. O. Crawford and Dr. Mitcheff in their personal capacities for damages on his Eighth Amendment claim that they refused to treat him for his injuries and left him to suffer pain;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), all other defendants, and DISMISSES all claims other than the Eighth Amendment claims against defendants Crawford and Mitcheff;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, defendants Crawford and Mitcheff are to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Crawford and Mitcheff, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint

SO ORDERED.

ENTERED: Febuary  4 , 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court