UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. VOSS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CV-449 RM |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Robert Voss, a prisoner confined at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging violation of his federally protected rights. The court screened the complaint pursuant to 28 U.S.C. § 1915A, granted Mr. Voss leave to proceed against doctors Oliver Crawford and Michael Mitcheff in their personal capacities for damages on his Eighth Amendment claim that they refused to treat him for his injuries and left him to suffer pain, and dismissed all other defendants and claims.

The plaintiff has requested leave to file an amended complaint. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

2

Mr. Voss brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

According to the amended complaint and its attachments, Mr. Voss was injured on September 6, 2006, when a tractor ran over his leg. He alleges that x-rays showed his leg to be broken but that prison doctors employed by CMS and assigned to several Indiana Department of Correction ("IDOC") facilities denied medical treatment for his broken leg and for the pain he suffered.

Mr. Voss asserts that the defendants' actions deprived him "of rights, privileges and immunities secured by the Constitution and laws of the U.S." He specifically alleges that the defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual punishments, the First Amendment, and the Fourteenth Amendment's equal protection clause." When evaluating § 1983 complaints, the courts' analysis must begin by identifying the specific constitutional right that the defendants allegedly infringed upon. See Graham v. Conner, 490 U.S. 386 (1989) (dealing with whether a plaintiff's excessive use of force claim arose under the Fourth, Eighth, or Fourteenth Amendment).

Mr. Voss alleges that he was denied medical treatment for a serious and painful injury. This implicates the Eighth Amendment, but doesn't implicate the First Amendment,

3

which deals with freedom of speech, press, assembly, and religion. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

The Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." Because Mr. Voss doesn't allege that the defendants discriminated against him based on his race or any other protected class, he raises this claim as a "class of one." <u>See</u> <u>Lauth v. McCollum</u>, 424 F.3d 631 (7th Cir. 2005) (the paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen). To raise a "class of one" claim, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Willowbrook v. Olech</u>, 528 U.S. at 564. Mr. Voss states no claim under the equal protection clause because he doesn't allege that the defendants treated him differently from similarly situated individuals.

In his amended compalint, Mr. Voss names the IDOC, the Miami Correctional Facility ("MCF"), the Westville Correctional Facility ("WCF"), and the Correctional

4

Industrial Facility (named in the complaint as "CIF") as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

Mr. Voss names IDOC Commissioner J. David Donahue as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). There is no suggestion in the complaint that Commissioner Donahue had any personal involvement in any health care decision regarding Mr. Voss. Even a prison superintendent is not "directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [the plaintiff]." Duncan v. Duckworth, 644

5

F.2d 653, 656 (7th Cir. 1981). The Commissioner is even further removed from the day to day operation of individual IDOC facilities.

Mr. Voss also alleges that Correctional Medical Services ("CMS"), a private company with which the IDOC contracted to provide medical services at its facilities, violated his federally protected rights because some of its employees did not provide him with timely and proper medical services. CMS might be a proper defendant if a corporation is a "person" for purposes of 42 U.S.C. § 1983 when acting as the *alter ego* of a state. Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person.); Comtronics, Inc. v. Puerto Rico Tel., 409 F.Supp. 800, 806 (corporation is a person.); Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (corporation is a person.); *cf.* Eddy v. Virgin Islands Water and Power Authority, 955 F.Supp. 468, 477 (D. V.I. 1997) (corporation acting on behalf of a state is not a person). But Mr. Voss does not allege that CMS corporate officials made decisions concerning his medical care or that the inadequate medical treatment he states that he suffered resulted from corporate policy. CMS cannot remain as a defendant based only on the actions of its employees at the MCF, the WCF, and the CIF because the doctrine of *respondeat superior* has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

In his amended complaint, Mr. Voss renames doctors, Crawford and Mitcheff and adds Dr. Noe Maradet, M.D. as a defendant. He alleges that he was diagnosed as having

a broken leg and that these doctors and others "flat-out 'denied' [him] medical treatment," leaving him in pain. He says he may later wish to add additional medical defendants as he identifies them.

Deliberate indifference is "something approaching a total unconcern for [an inmate's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992) , citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). This total disregard for a prisoner's welfare is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d at 347.

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and conciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2002).

Even then, the official is not indifferent if he reasonably responds to the risk. Jackson v. Medi-Car, Inc., 300 F.3d 760, 765 (7th Cir 2002). Deliberate indifference is a very high standard and the defendants would not be liable under § 1983 even if they were negligent, incompetent, or committed medical malpractice. A prisoner "is not entitled to demand specific care . . . no[r] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108.

Documents Mr. Voss submitted along with his proposed amended complaint undermine his claim that Drs. Crawford, Mitcheff, and Maradet or others flat-out denied him medical treatment or left him in pain. One of these is a document showing Dr. Marandet as the provider, stating that he was seen after his injury and placed on Naporxyn

and a dose pack of prednisone for his pain and that "x-rays of his knee were ordered." A chart update attached to the proposed amended complaint showing Dr. Crawford as the provider states that Dr. Crawford saw Mr. Voss and prescribed medication for him. Another chart update submitted by Mr. Voss shows that Dr. Mitcheff saw him on a scheduled visit and treated him by prescribing medication. Other attachments to the amended complaint show that Mr. Voss was seen by nurses and doctors on numerous occasions on his medical complaint and received treatment for his injury and medication for his pain.

The court accepts that Mr. Voss had a serious and painful injury, but the medical exhibits attached to the amended complaint refute any claim that Drs. Crawford, Mitcheff, and Maradet, and others, flat-out denied him medical treatment or intentionally left him in pain. The attachments to the complaint establish that medical staff members, including Drs. Crawford, Mitcheff, and Maradet, saw Mr. Voss on numerous occasions and provided treatment and pain medication. That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108. The treatment and pain medication Mr. Voss received may not have been as efficient and effective as he would have liked, but even negligence and medical malpractice state no claim under § 1983.

For the foregoing reasons, the court DENIES the plaintiff leave to amend his complaint, and DISMISSES this action without pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: June  2 , 2008

                                          /s/ Robert L. Miller, Jr.

             Chief Judge
             United States District Court